```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                        CRIMINAL No. 2:03-00194-02

**CARLOS J. SANTOS**


<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is defendant's motion titled, "ORDER RELEASING PRESENTENCE IVESTIGATION [sic] REPORT FOR 2255 PURPOSES[.]" (Doc. No. 236.) Defendant filed the motion *pro se*.

In the instant motion, defendant requests that he be furnished with a copy of his presentence investigation report so that he can file a § 2255 motion to "call into question various matters pertaining to the PSI." (<u>Id.</u>) Defendant also requests that the court send his former attorney, Jacqueline A. Hallinan, a copy of his trial and sentencing transcripts.[1] (<u>Id.</u>) After a review of the docket in this case, it appears that the defendant has not yet filed a § 2255 motion. Further, although not explicitly stated, it appears as though Defendant is requesting that his transcripts and presentence investigation report be

---

[1] Defendant wrote, "...fore [sic] the record, I am requesting Ms. Jacqueline A Hallinan, Esquirer [sic], a copy of my trail [sic] and sentencing transcripts." This statement could also be interpreted as a request for the court to order defendant's former attorney to furnish him with a copy of his trial and sentencing transcripts. The court, however, deems such an order improper.

prepared at the Government's expense.

The statutory mechanism by which the court could grant an indigent defendant or movant a transcript at public expense is 28 U.S.C. § 753(f), which provides in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is [1] not frivolous and [2] that the transcript is needed to decide the issue presented by the suit or appeal.

Furthermore, the Fourth Circuit has opined that copies of transcripts may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. See Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972). An indigent is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

Additionally, the Southern District of West Virginia has favorably cited and followed the reasoning of a Second Circuit decision holding that "a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed."[2] See

---

[2] In United States v. Horvath, 157 F.3d 131, 133 n.1 (2d Cir. 1998), the Second Circuit noted that the Fourth Circuit has reached the same conclusion in numerous unpublished, non-precedential opinions. See In re O'Kane, 91 F.3d 132 (4th Cir.

2

United States v. Bumpus, 125 F.Supp.2d 190, 191 (S.D.W. Va. 2001) (citing United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998)).  It should be noted that a court's failure to grant an indigent federal prisoner the unconditional right to obtain trial transcripts for purposes of a § 2255 proceeding does not violate the prisoner's due process or equal protection rights.  United States v. MacCollom, 426 U.S. 317, 323-26 (1976).

The only reason stated for needing the requested materials is to file a § 2255 motion in defendant's criminal case and "call into question various matters pertaining to the PSI."  (Doc. No. 236.)  Defendant has not shown why he needs court records before he can set forth facts to support a § 2255 motion and has failed to establish that the transcripts, or other documents, are needed for resolution of issues to be raised in the proposed subsequent proceeding.  The defendant's request is premature because he has not filed a § 2255 motion.  Therefore, the court will deny his motion without prejudice to allow him to refile the motion should he satisfy the requirements § 753(f).[3]

---

1996) (unpublished table decision).

[3] In the event that defendant files a § 2255 motion, he may request copies of specific documents or transcripts. The Court further notes that defendant is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case.  Indeed, § 2255 motions are frequently filed without the benefit of transcripts.  If defendant is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them.

3

Accordingly, the defendant's motion is hereby **DENIED** without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and the defendant.

It is **SO ORDERED** this 20th day of November, 2007.

                                      ENTER:

                                      David A. Faber
                                      United States District Judge